UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-81904-CIV-CANNON/REINHART

SHELLEY LACLAUSTRA,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO REMAND (ECF No. 18)

Currently before the Court is Defendant's motion to remand this matter to the administrative law judge (ALJ) to obtain supplemental evidence from a vocational expert (ECF No. 18), which the Honorable Aileen M. Cannon referred to me for appropriate disposition. Plaintiff consents to the remand, but seeks to have the hearing held on an expedited basis and a new ALJ appointed. ECF No. 19.

### RECOMMENDATION

I **RECOMMEND** that Defendant's Motion to Remand be **GRANTED** (ECF No. 18), but that the District Court adopt Plaintiff's proposed remand order (ECF No. 19-1) which states as follows:

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request to remand this action, the final decision of the Commissioner of Social Security is **VACATED** and this case is hereby **REMANDED**. On

Remand, the Appeals Council will instruct the administrative law judge (ALJ) to obtain supplemental evidence from a vocational expert (VE) to clarify the effect of the assessed limitations on the claimant's occupational base. The hypothetical questions the ALJ poses to the VE should reflect the specific capacity/limitations established by the record as a whole, <u>including the Order dated April 5, 2018, by Judge Brannon</u>. The ALJ should ask the VE to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the VE evidence, the ALJ should identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (SCO). The ALJ should also offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision.

Therefore, this Court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). <u>The Commissioner is instructed to act on an expedited basis. Further the Commissioner should assign this claim to a new Administrative Law Judge</u>.

The **Clerk of the Court is hereby ORDERED** to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 17th day of May, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

3