UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81904-CIV-CANNON/Reinhart

**SHELLEY LACLAUSTRA**,

      Plaintiff,

v.

**KILOLO KIJAKAZI**,
Acting Commissioner of Social Security,

      Defendant.

_____/

**ORDER ACCEPTING IN PART AND DENYING IN PART
R&R AND GRANTING MOTION TO REMAND**

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "Report") [ECF No. 20], entered on May 17, 2022. The Report recommends that Defendant's Opposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (the "Motion") [ECF No. 18] be granted according to the terms in Plaintiff's proposed remand order [ECF No. 19-1]. On May 26, 2022, Defendant filed an objection to the Report [ECF No. 23]. The Court has conducted a de novo review of the Report and the full record. Following that review, the Court **ACCEPTS IN PART AND REJECTS IN PART** the Report such that it grants the Motion according to the terms in Defendant's proposed remand order [ECF No. 18-1].

This Court has the authority to reverse and remand the Commissioner's decision under 42 U.S.C. § 405(g), which provides that the Court may enter a judgment "reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

CASE NO. 21-81904-CIV-CANNON/Reinhart

1. The Report [ECF No. 20] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. The Motion [ECF No. 18] is **GRANTED** in accordance with the terms of Defendant's proposed remand order [ECF No. 18-1].

3. The Commissioner's decision is **REVERSED**.

4. This matter is hereby **REMANDED** to the Commissioner.  Upon Remand, the Appeals Council will instruct the administrative law judge ("ALJ") to obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on the claimant's occupational base.  The hypothetical questions the ALJ poses to the VE should reflect the specific capacity/limitations established by the record as a whole.  The ALJ should ask the VE to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy.  Further, before relying on the VE evidence, the ALJ should identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations ("SCO").  The ALJ should also offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision.

5. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 27th day of May 2022.

                                              **AILEEN M. CANNON**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record
       Magistrate Judge Reinhart